## CIRCUIT COURT OF ARLINGTON COUNTY

Marc S. Hackett

v.

Jose E. Leonzo

April 5, 1994

Case No. (Law) 91-385

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Arlington County's motion to ascertain its obligation as a self-insured underinsurance coverage provider. This matter was remanded by the Supreme Court after a decision that held Arlington to be an underinsurance coverage provider.

No language in the opinion of the Supreme Court precludes Arlington from claiming that its obligation is less than the $30,000.00 excess of the verdict over the tortfeasor's bodily injury coverage, and Plaintiff's objection to these proceedings on that ground will be overruled.

In this case, there was insurance coverage of $100,000.00 available from the tortfeasor's policy; $100,000.00 available from Plaintiff's personal underinsured coverage through State Farm Mutual Automobile Insurance Company; and Arlington County's underinsured coverage in the amount of one million dollars.

A verdict was rendered in the amount of $130,000.00, and the tortfeasor's policy paid $100,000.00. State Farm, having been made an original party to these proceedings, was dismissed with prejudice by order entered subsequent to trial "on joint motion of the parties." Arlington objected to the dismissal of State Farm. Plaintiff appealed the ruling of this Court that Arlington County was not an underinsurance coverage provider and was

16

successful on appeal. Arlington did not appeal the order dismissing State Farm.

Under *Dairyland Insurance Co. v. Sylva*, 242 Va. 191 (1991), Arlington, as the insurer of the vehicle which was occupied by Plaintiff, would be entitled to a credit in the amount of $100,000.00 against its underinsurance coverage. See, Code of Virginia, § 38.2-2206(B). State Farm would then have been liable for the $30,000.00 excess because Arlington's underinsured coverage is secondary to State Farm's coverage. Code of Virginia § 46.2-368(B) provides that Arlington County's underinsurance coverage as a self-insurer is secondary "to any other valid and collectible insurance providing the same protection which is available to any person otherwise entitled to assert a claim to such protection by virtue of this section." However, State Farm has been dismissed with prejudice as a party to this case, and, despite Plaintiff's argument to the contrary, the failure of Arlington to appeal the dismissal of State Farm does not change the result. Arlington County is not liable for the excess of the verdict over the tortfeasor's coverage; State Farm, under ordinary circumstances, would be. The voluntary dismissal of State Farm, by the Plaintiff, over the objection of Arlington, cannot alter Arlington's statutory liability.